Statement.

### Richmond

#### MITCHELL v. WILLIAMS.

January 16, 1913.

Absent, Keith, P.

1. BOUNDARIES—*Location on the Ground—Question for Jury—Case at Bar.*—The owner of land sold off a part thereof and put the purchaser in possession. Afterwards X, a surveyor employed by the vendor, surveyed the dividing line between the parties and marked the same by stakes and blazed trees. From this survey and references to surveys formerly made by others, X drew a plat of the vendor's land and gave it to her. The vendor thereafter conveyed to the heir of the purchaser, who had died, the land so sold, and the deed provides that the eastern boundary (the dividing line in dispute) is to be fixed as surveyed by X. In an action by the vendor against one claiming under the vendee, the question at issue was the true location of the lines surveyed by X. Upon this question the evidence was conflicting.

    *Held:* The lines marked on the ground, and not the plat delivered to the vendor, constitute the actual survey, and it was for the jury to say, from the evidence, where such lines were located.

2. BOUNDARIES—*Location—Question for Jury—Construction of Deeds.* The construction of a deed is for the court, but the location of a disputed boundary line is a question of fact for the jury, under proper instructions from the court.

    Error to a judgment of the Circuit Court of Culpeper county, in an action of ejectment. Judgment for the plaintiff. Defendant assigns error.

                                    *Reversed.*

The opinion states the case.

*Grimsley & Miller,* for the plaintiff in error.

*P. L. Williams, J. L. Jeffries,* and *Waite & Perry,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This writ of error is to a judgment in an action of eject-
ment wherein the only question involved was the true
location of a boundary line between Mrs. Gertrude S.
Williams, the plaintiff, and J. L. Mitchell, the defendant.

It appears that about the year 1888 the plaintiff sold to
J. C. Gibson about fifty acres of land, it being a portion of
a much larger tract owned by him, and put him in posses-
sion thereof, but no deed was made to him. After Gibson
became the owner of this land some question arose as to
the exact location of the dividing line between himself
and his vendor. In 1892 William Nalle surveyed the di-
viding line between the parties and marked the same by
stakes and blazed trees. From this survey of the land,
and references to surveys formerly made by others, Nalle
drew a plat of the plaintiff's land and gave the same to
her, a copy of which plat appears in the record. J. C.
Gibson died without having received a deed for the land
purchased by him from the plaintiff, though he had paid
the purchase money, and upon his death the land passed
to his son, E. H. Gibson, who afterwards procured from
the plaintiff a deed for the land purchased from her by his
father. This deed from the plaintiff to E. H. Gibson is
dated December 15, 1903, and describes the tract of land
conveyed as containing about fifty acres, more or less, and
provides that the eastern boundary (the line in dispute)
is to be fixed *as surveyed by Wm. Nalle*. By deed dated
January 16, 1907, E. H. Gibson conveyed this land to
the defendant, J. L. Mitchell, in consideration of $800.00
in hand paid, describing it as containing fifty-five acres,
more or less, and as being the same tract of land which
was conveyed to the grantor by Gertrude S. Willams, etc.
After his purchase the defendant, Mitchell, undertook to
build a dividing fence between his land and the plaintiff,

on what he believed to be the dividing line as surveyed by William Nalle. Thereupon the plaintiff instituted this action of ejectment, in which she succeeded in having this disputed line so located as to leave the defendant with about twenty-five acres of land instead of about fifty acres, the amount sold by her to J. C. Gibson and conveyed by her to his son, E. H. Gibson, the grantor of the defendant.

It appears from the record that upon the trial, after the evidence was all in, the defendant asked for an instruction telling the jury that the dividing line between the lands of the plaintiff and the defendant was the line as surveyed by William Nalle, and that the jury should locate such line from the evidence. This was a proper instruction, but the court refused it, and gave the jury a peremptory instruction requiring them to find a verdict for the plaintiff for the whole of the premises described in her declaration. The jury retired to consider of their verdict and after some time were sent for, and the court finding that they had been unable to agree directed the foreman to sign a verdict prepared by plaintiff's counsel, which was as follows: "We, the jury, upon the issue joined, find for the plaintiff that she is entitled to an estate in fee simple in the whole of the premises in her declaration described, and that the defendant was in possession of a part thereof and claimed title to some part thereof at the commencement of this suit."

The action of the court seems to have been based upon the impression that the plat made by Nalle for the plaintiff, of her whole tract, was solely to be looked to in determining the question at issue, notwithstanding the fact that the plat states on its face that it was compiled from surveys of different persons, and did not indicate what lines were surveyed. The deed from the plaintiff under which the defendant holds does not fix the dividing line between the parties according to the plat, nor does it give

the courses and distances of any survey, but fixes the dividing line according to a survey made by Wm. Nalle; therefore, the question at issue was the true location of the lines of the Nalle survey. The evidence upon this question was conflicting, that of the defendant tending strongly to show that Nalle did survey and fix the line in question by natural monuments, which were pointed out on the ground to the jury by witnesses who were present when the survey was made. The lines marked on the ground constitute the actual survey, and it was for the jury to say, from the evidence, where such lines were located. The question of construction is for the court, but the location of a disputed boundary line is a question of fact for the jury. *Reusens* v. *Lawson*, 91 Va. 226, 21 S. E. 347; *Summerfield* v. *White*, 54 W. Va. 311, 46 S. E. 154.

If the court has the power assumed in the case at bar, not only to construe the deeds involved, but to locate the lines called for by such deeds, then a jury is no longer needful upon an issue as to the location of a boundary line.

We are of opinion that the circuit court erred in giving a peremptory instruction requiring the jury to find for the plaintiff, and are further of opinion that the true boundary line between the plaintiff and defendant was a question of fact which should have been submitted, under proper instructions, to the determination of the jury.

The judgment complained of must be reversed, the verdict of the jury set aside and the case remanded for a new trial in accordance with the views herein expressed.

*Reversed.*